IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD DARON KENNEDY, #196984, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0076-KD-MU |
| ROBERT ALBACH, *et al.,* | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Richard Daron Kennedy, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. §§ 1983, 1985(3), and 1986 and a motion to proceed without prepayment of fees.[1] (Docs. 1, 2). Upon review of the complaint and Kennedy's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Kennedy is barred from proceeding *in forma pauperis* and did not pay the filing fee at the time he filed this action.[2]

## I. Section 1915(g) and Kennedy's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R).

[2] By separate order, the undersigned is withdrawing the prior grant of *in forma pauperis* status (Doc. 4) due to the information, *infra,* discovered by the Court in the screening of Kennedy's complaint, which he did not disclose completely as required by the complaint form. (Doc. 1 at 3).

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Kennedy sought leave to proceed *in forma pauperis,* the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In screening the complaint, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more actions and appeals that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Kennedy has had at least three actions dismissed for one of the foregoing reasons, namely, *Kennedy v. Lockett,* CA No. 08-00169-CG-M (S.D. Ala. 2008) (frivolous), *appeal dismissed as frivolous* (11th Cir. 2009); *Kennedy v. Reese,* CA No. 09-00275-TMH-CSC (M.D. Ala. 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii)), *appeal dismissed as frivolous* (11th Cir. 2009); *Kennedy v. Union Planters,* CA No. 00-00353-CB-M (S.D. Ala. 2000) (frivolous); and *Kennedy v. Albach,*

CA No. 00-00470-AH-M (S.D. Ala. 2001) (frivolous).[3] In addition, in *Kennedy v. Murphree,* CA No. 11-00252-KD-B (S.D. Ala. 2011), Kennedy's action was dismissed pursuant to 28 U.S.C. § 1915(g).

II. **Section 1915(g)'s Exception**.

Therefore, in order to avoid the dismissal of the present action pursuant to § 1915(g), Kennedy must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.). Kennedy has not done

---

[3] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

this.

In the complaint and memorandum of law (Docs. 1, 2), Kennedy sues Detective Albach, Sergeant Crosby Taylor, Assistant District Attorney Jobeth Murphree, and District Attorney Rich, (Doc. 1 at 5-7), and states that his claims against them arose in 1999. (Doc. 1 at 4). Kennedy's claims against Defendants arise from the death of John D. Powell, Jr. ("Little Man") in May, 1996. (Doc. 2 at 1). Kennedy alleges that Michelle Vanese Orso confessed to injuring her son, Little Man, but Defendants, pursuant to a conspiracy, withheld her confession from the grand jury that indicted him. (*Id.* & at 10, Exhibit A, Confession; Doc. 1 at 7). He complains Defendants used false evidence, fabricated evidence, and fraudulently withheld evidence to obtain the indictment against him. (*Id.* at 1). Kennedy indicates that he was convicted of murder and child abuse, for which he is serving sentences of life imprisonment and ten years' imprisonment, respectively.[4] (Doc. 1 at 6).

Kennedy requests $10 million from each Defendant, (Doc. 1 at 8, Doc. 2 at 9), and "for a jury to decide the newly discovered evidence that was concealed before, prior to the grand jury indictment." (Doc. 1 at 8).

At the time of the complaint's filing, § 1915(g) requires that Kennedy have been

---

[4] Kennedy's convictions for the murder and child abuse of Orso's son and Orso's "confession" are addressed in *Kennedy v. Thomas,* 2013 WL 5933651 (N.D. Ala. 2013) (unpublished), when Kennedy filed a petition under 28 U.S.C. § 2241 for denial of parole. In addition, Kennedy filed habeas petitions challenging his convictions in this Court, *Kennedy v. Fornis,* CA No. 07-00338-CG-M (S.D. Ala. 2008) (dismissed as being barred by the one-year statute of limitations); *Kennedy v. Forniss,* CA No. 10-00251-CG-C (S.D. Ala. 2010) (dismissed successive habeas petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Kennedy v. Mobile Cty. Circuit Court*, CA No. 13-00161-CG-C (S.D. Ala. 2013) (dismissed as a successive habeas petition); *Kennedy v. Mobile, Alabama District Attorney's Office,* CA No. 14-00195-WS-B (S.D. Ala. 2014) (dismissed as a successive habeas petition); *Kennedy v. Lockett,* CA No. 17-00028-KD-B (S.D. Ala. 2017) (dismissed as a successive habeas petition).

in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because Kennedy's complaint, which was received by this Court on February 15, 2018, challenged an event that occurred in 1999, *see* Doc. 1 at 4, or before, the Court finds that he was not in imminent danger of serious physical injury when he filed the present action. Moreover, his allegations do not describe a serious physical injury to him, much less an injury that is imminent. Thus, the Court concludes that Kennedy has not carried his burden of showing that he was in imminent danger of serious physical injury at the time of his complaint's filing.

III. **Conclusion.**

Because Kennedy cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action,[5] this action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the

---

[5] A filing fee of $350.00 for a non-habeas, civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **26th** day of **July, 2018**.

/s/ P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**