IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD DARON KENNEDY,** ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 18-0076-KD-MU |
| **ROBERT ALBACH,** *et al.,* ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on plaintiff Richard Daron Kennedy's Motion Pursuant to Rule 60(b), Fed. R. Civ. P" (doc. 12). For the reasons set forth herein, the Motion is DENIED.

On July 26, 2018, the Magistrate Judge entered a Report and Recommendation that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) (doc. 6). The statute sets forth as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

During the screening process, the Magistrate Judge found that Kennedy had three lawsuits that had been dismissed as frivolous; one lawsuit that had been dismissed as frivolous, malicious, and for failure to state a claim upon which relief could be granted; and one lawsuit dismissed pursuant to 28 U.S.C. § 1915(g). Specifically, *Kennedy v. Lockett*, Civil Action No. 08-00169-CG-M (S.D. Ala. 2008) (dismissed as frivolous), *appeal dismissed as frivolous* (11th

Cir. 2009); *Kennedy v. Union Planters,* Civil Action No. 00-00353-CB-M (S.D. Ala. 2000) (frivolous); *Kennedy v. Albach*, Civil Action No. 00-00470-AH-M (S.D. Ala. 2001) (frivolous). *Kennedy v. Reese*, Civil Action No. 09-00275-TMH-CSC (M.D. Ala. 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii),[1] *appeal dismissed as frivolous* (11th Cir. 2009); and *Kennedy v. Murphree,* Civil Action No. 11-00252-KD-B (S.D. Ala. 2011) (dismissed pursuant to 28 U.S.C. § 1915(g)).

The Magistrate Judge reviewed the complaint and found that Kennedy had not alleged that he was in imminent danger of serious physical injury when he filed this action. Therefore, he had not made the statutorily necessary allegation to maintain this litigation. The Magistrate Judge recommended dismissal without prejudice. After consideration of the Report and Recommendation and Kennedy's objections (doc. 7), the Court adopted the Report and Recommendation. Final judgment was entered on August 10, 2018 (docs. 8, 9, Order and Judgment). Kennedy also filed a motion to supplement his objections. However, the Court found that the motion was moot (doc. 11).

Kennedy has now filed the pending Motion pursuant to Rule 60(b) alleging that his right to due process has been violated. However, Kennedy included a request that "this court recuse itself for bias." (Doc. 12, p. 3). Kennedy argues that the Magistrate Judge and the undersigned are part of a "common conspiracy by the authorities", prohibited by 42 U.S.C. § 1985(3), to deprive Kennedy of due process, equal protection, equal privileges and immunities under the

---

[1] "… the court shall dismiss the case at any time if the court determines that - -  …(B) the action or appeal - - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

law. Specifically, a conspiracy to dismiss his lawsuits prior to a decision on the merits of his constitutional claims, in order to deprive Kennedy of his due process rights and to protect the Defendants from liability. Kennedy argues that the conspiracy is meant to prevent him from presenting an allegedly exonerating confession by Michelle Orso in 1996 regarding the murder for which he is now serving a life sentence. He argues that the "merits of this confession has been unconstitutionally concealed and suppressed from exposing due to it harmful and damaging affect it will have on the government." (*sic*) (Doc. 12, p. 4-5)[2]

As evidence of the conspiracy, Kennedy alleges that the Court has a duty to "resolve the merits of civil actions under" Section 1983. Therefore, "the Court's decision in this case, 'assuming' instead of looking at Kennedy's previous lawsuits, that Kennedy's lawsuits were frivolous is an erroneous finding. The dismissal delays due process and wrongfully impedes Kennedy's valid lawsuit from being processed in order to protect the defendants from facing a jury." (Doc. 12, p. 3-4). Kennedy alleges that the "Magistrate's Recommendation is clearly a fraud[3] and the Chief District Judge … having knowledge of said fraud agrees to the fraud [and] is in the conspiracy to aid and abet defendants in their wrongful acts." (Doc. 12, p. 4).

Recusal is governed by two federal statutes. 28 U.S.C. § 144 and § 455. Relief under §

---

[2] In his complaint, Kennedy alleges that in 1996, Defendants Detective Robert J. Albach, Sergeant James Crosby, and Assistant District Attorney Jobeth Murphree concealed a taped confession that would have exonerated him. He alleges that they have an ongoing conspiracy to conceal this confession. Kennedy alleges that Defendant District Attorney Ashley Rich has aided these defendants in the ongoing conspiracy. (Doc. 1).

[3] Kennedy alleges that the Magistrate Judge had the "burden of proving" that Kennedy's previous lawsuits were actually frivolous, malicious or failed to state a claim, but he failed to meet that burden because he made only a "bare-bone" recommendation to that effect. Therefore, his recommendation was "unsupported by fact". (Doc. 12, p. 1-3).

144 is not available because the statutory requirements are not met.[4]  With respect to § 455, Kennedy's allegations may fall under subparagraph (a) which states that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Under 28 U.S.C. § 455(a), the "test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988); *Simmons v. Warden,* 589 Fed. Appx. 919, 922 (11th Cir. 2014) (same).

The facts underlying the grounds on which recusal is sought are as follows: The district court dismissed four of Kennedy's prior lawsuits pursuant to 28 U.S.C. § 1915(e)(2)(B).[5] The Magistrate Judge reported these prior dismissals to the undersigned along with the dismissal under 28 U.S.C. § 1915(g) and recommended that this action also be dismissed pursuant to § 1915(g).  The undersigned adopted the Report and Recommendation and this action was dismissed without prejudice.

Adverse judicial rulings "unaccompanied by allegations of bias based on an extra-judicial source 'almost never constitute a valid basis for a bias or partiality motion.'" *Maus v. Ennis*, 513

---

[4]  The statute requires a "timely and sufficient affidavit" regarding personal bias or prejudice, which states "the facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144.  The affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.*  Additionally, a "party may file only one such affidavit in any case" and it "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*

[5] The statute states that the district court "shall dismiss" an action "at any time if the court determines that …the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Fed. Appx. 872, 879 (11th Cir. 2013) (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)); *see United States v. Berger*, 375 F.3d 1223, 1227 (11 Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.")  Overall, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S.at, 555, 114 S. Ct. at 1157.

     Kennedy has not shown personal bias stemming from an extra-judicial source or a deep-seated favoritism toward the Defendants.  His statement that the undersigned and the Magistrate Judge are part of a conspiracy to protect the Defendants is a conclusory allegation, which is not supported by any factual allegations.  Kennedy relies primarily on the undersigned's decision to dismiss this action.  However, Kennedy has not made any showing that the undersigned's opinion that the Report and Recommendation should be adopted and this action dismissed without prejudice, shows a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555 (finding that adverse rulings, a post-trial refusal to allow an *in forma pauperis* appeal, among other rulings, were "judicial rulings, routine trial administration efforts, and ordinary admonishments" that were not sufficient to require recusal). Kennedy also relies on the fact that his past cases have been dismissed before service after screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  However, "[u]nder 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the court determines that the action is 'frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.'" *Thibeaux v. U.S. Atty. Gen.*, 275

Fed.Appx. 889, 892 (11th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)(B)).[6] Kennedy's remedy for an adverse judicial ruling is appeal, not recusal. *See In re Evergreen See, Ltd.,* 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."). Therefore, the Court finds that an objective, disinterested, lay observer fully informed of these facts could not have significant doubt about the undersigned's impartiality. Accordingly, Kennedy's request for recusal is due to be denied.

With respect to his Rule 60(b) motion, Kennedy appears to raise arguments under subparagraphs (2), (3) and (4) of Rule 60(b). With respect to subparagraph (2), Kennedy refers to Orso's 1996 confession as "newly discovered evidence." (Doc. 12, p. 5). The Rule provides for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)". Fed. R. Civ. P. 60(b)(2). However, Kennedy knew of the confession before he filed this action. The confession and the alleged concealment forms the factual basis for several claims in his complaint. The confession is not "newly discovered evidence" as contemplated in Rule 60(b)(2). Therefore, Kennedy cannot obtain relief under this Rule.

Subparagraph (3) provides for relief from a final judgment, order or proceeding based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, the Magistrate Judge and the undersigned

---

[6] *See also* 28 U.S.C. § 1915A which provides for an initial screening of prisoner complaints and sets forth that "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

are not an "opposing party" as contemplated by this Rule. Therefore, Kennedy cannot obtain relief under Rule 60(b)(3).

Rule 60(b)(4) provides for relief from a final judgment, order or proceeding if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void under Rule 60(b)(4) only if the district court lacked subject matter jurisdiction or if the judgment was premised on a due process violation 'that deprive[d] a party of notice or the opportunity to be heard.'" *Grant v. Pottinger-Gibson*, 725 Fed. Appx. 772, 774 (11th Cir. 2018) (citation omitted); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) ("Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") (internal quotes omitted). Kennedy does not argue that this Court lacked subject matter jurisdiction, but he does argue that under Rule 60(b) he may "challenge an unconstitutional judgment." (Doc. 12, p. 6).

In that regard, Kennedy argues that his due process rights were violated because this action was dismissed without allowing discovery to "uncover the truth" that his previous lawsuits had merit. (Doc. 12, p. 6). Kennedy argues that "[w]ithout a disclosure of the records of the Plaintiff's litigation history to prove his past lawsuits were found factually frivolous, this Court's judgment is without a factual basis." (Id., p. 7). Kennedy argues that the Court's reliance on the Magistrate Judge's "bare bone allegation" that the prior lawsuits were dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted, violated his right to due process. He argues that discovery would have shown that his prior lawsuits were "not frivolous but had merit to be served and processed." (Id., p. 6-7).

"Rule 60(b)(4) 'provides that a court may relieve a party from an order or final judgment that is void' where, for example, the district court lacked subject matter jurisdiction or entered

7

the order in a manner inconsistent with due process." *National Loan Acquisitions Co. v. Pet Friendly, Inc.*, - - - Fed. Appx. - - -, 2018 WL 3768967, at *1 (11th Cir. Aug. 8, 2018) (quoting *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1318-19 (11th Cir. 2001)). "Due process, in general and in the context of Rule 60(b)(4), 'generally requires notice and an opportunity to be heard.'" *Diggs v. Mitchem*, , 2014 WL 4202476, at *2 (S.D. Ala. Aug. 22, 2014) (quoting *United States v. Gentile,* 322 Fed. Appx. 699, 701 (11th Cir. 2009)). "An order does not violate due process, and will not support relief under Rule 60(b)(4), when the Rule 60 movant had notice of the underlying proposed adverse action and had an opportunity to respond to it." *Diggs,* 2014 WL 4202476, at *2 (citing *Oakes*, 259 F.3d at 1319).

Kennedy received the Report and Recommendation and thus, received notice that the Magistrate Judge proposed dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(g). Kennedy was given the opportunity to respond and he did so by filing his objections. The requirements of due process have been satisfied, and the order and judgment are not void for purposes of Rule 60(b)(4). The Court's decision to rely upon the Magistrate Judge's finding that the prior lawsuits had all been dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted, did not deprive Kennedy of due process. The Court and the Magistrate Judge did not violate due process by relying upon the courts' final decisions in Kennedy's prior lawsuits. The Magistrate Judge had no obligation to prove to Kennedy that the district courts correctly decided his prior lawsuits. Accordingly, Kennedy's Rule 60(b) motion is DENIED.

**DONE** this 2nd day of October 2018.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
CHIEF UNITED STATES DISTRICT JUDGE