IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD DARON KENNEDY,** ) | |
| **Plaintiff,** ) | |
| vs. ) | Civil Action No. 18-0076-KD-MU |
| **ROBERT ALBACH,** *et al.,* ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on plaintiff Richard Daron Kennedy's Reply to Order done the 2nd day of October 2018" which the Court construes[1] as a motion for reconsideration (doc. 14). For the reasons set forth herein, the Motion is DENIED.

Generally, reconsideration is available when the movant provides evidence of "an intervening change in controlling law," "the availability of new evidence," or "the need to correct clear error or manifest injustice." *Summit Medical Center of Ala., Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). A motion for reconsideration may not be used to address "arguments that should have been raised in the first instance" *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002), "to set forth new theories of law" *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997), or to re-litigate issues that have been decided. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

---

[1] "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted)."

Kennedy argues that the Court erred by finding that Michelle Orso's 1996 confession was not newly discovered evidence that would support relief from judgment under Fed. R. Civ. P. 60(b)(2). Kennedy argues that he did not know about the confession before his criminal trial or within time to move for a new criminal trial. Kennedy states that he discovered the confession after his criminal appeal when his attorney gave him the appeal file.

The Rule provides "grounds for relief from a final judgment [or] order" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)". Fed. R. Civ. P. 60(b)(2). The order and judgment adopting the Report and Recommendation are the only "final judgment" or "order" before this Court from which it could grant relief. Since Kennedy knew about the confession before the order and final judgment, the confession is not newly discovered evidence that would support setting aside the order and final judgment in this action. Although Rule 60(b)(2) refers to a motion for new trial, the Rule does not mean a motion for new trial in Kennedy's state court criminal action. Rule 60(b)(2) is a Federal Rule of Civil Procedure that applies to this action in this federal court and does not apply to Kennedy's state court criminal action. The Court did not err in finding that the confession was not newly discovered evidence that would support setting aside the order and final judgment in this action.

Kennedy argues that the Court erred by adopting the Magistrate Judge's "bare bone allegations" that Kennedy's prior actions were frivolous, malicious, failed to state a claim, or sought relief from a defendant who was immune from such relief. (Doc. 14, p. 5-6). Kennedy argues that this Court may rely upon the Magistrate Judge's finding only if it is factually supported. According to Kennedy, that could happen only if the actions were reopened, discovery was allowed, and then a decision on the merits. He asserts that "Due process required that the Magistrate [Judge's] decision,

if relied on by" this Court "must be factually supported."[2] (Id. p. 6). This argument was raised in Kennedy's Rule 60(b) motion and addressed by the Court in the order denying his motion (doc. 13, p. 7-8). A motion for reconsideration, may not be used to re-litigate old issues.

Kennedy argues that the Magistrate Judge relied upon a "history of default judgments to preclude or circumvent Kennedy's lawsuit" (doc. 14, p. 4). He argues that "these false found decisions are being relied on by this court without a discovery of the record" and that this is "unfair to Kennedy which is constitutionally injurious to his procedural due process in this civil action." (Id.; Id., p. 6-7). Kennedy also points out that "default judgments are not favored" and that "courts prefer to decide their cases on the merits." (Id.).

Kennedy previously raised a due process argument in his Rule 60(b) motion, which was addressed by the Court in the order denying his motion (doc. 13, p. 7-8). Again, a motion for reconsideration may not be used to old re-litigate issues. Kennedy's new argument - that the Magistrate Judge relied upon a history of disfavored default judgments - is without merit for two reasons. First, the prior judgments referenced by the Magistrate Judge were not default judgments. Second, Kennedy could have raised this argument in his Rule 60(b) motion and therefore, it is not a basis for reconsideration. A motion for reconsideration may not be used "to raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343.

Kennedy argues that the "burden is not on Kennedy to disprove issues raised by the magistrate when the magistrate has not proven his allegations. The burden of proof is on the party

---

[2] Kennedy asserts that on page 3 of the order (doc. 13), the Court stated that "this judgment is based on mere 'assumptions' instead of looking at Kennedy's previous lawsuits, that Kennedy's lawsuits were frivolous" (doc. 14, p. 6-7). Kennedy has misread the order. The Court was quoting Kennedy's argument from his Rule 60(b) motion. (Compare Doc. 13, p. 3 with Doc. 12, p. 3-4).

3

claiming an issue. If the magistrate claims something is frivolous, then it is on him to prove what he claims." (Doc. 14, p. 5). This argument – that the Magistrate Judge must prove the prior actions were frivolous, malicious, etc., and a bare-boned statement was insufficient - was raised in Kennedy's Rule 60(b) motion and addressed by the Court in the order denying his motion (doc. 13, p.3, n.3; doc. 13. p. 8, "The Magistrate Judge had no obligation to prove to Kennedy that the district courts correctly decided his prior lawsuits."). Again, a motion for reconsideration may not be used to re-litigate old issues.

Last, Kennedy argues that his "safety is at risk as he is in the most dangerous prison listed in the State of Alabama. Kennedy's grounds are meritorious for his due process to be placed in a safer prison" (doc. 14, p. 7). Kennedy appears to argue that this action should be allowed to proceed because he comes within the exception in 28 U.S.C. § 1915(g), which allows a prisoner who has had three or more actions dismissed on grounds that the actions were frivolous, malicious, or failed to state a claim upon which relief may be granted, to bring a civil action if the prisoner is "under imminent danger of serious physical injury". Kennedy is now incarcerated at Elmore Correctional Facility, which is the same institution where he was incarcerated at the time he filed his complaint. Thus, Kennedy could have raised this argument earlier. A motion for reconsideration may not be used "to raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343.

**DONE** this 25th day of October 2018.

                                          s/ Kristi K. DuBose
                                          KRISTI K. DuBOSE
                                        CHIEF UNITED STATES DISTRICT JUDGE